# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Civil File No.:  17-CV-2329 (DWF/DTS)

The Estate of Vivian Maier,

      Plaintiff,

vs.

MPLS Photo Center, LLC,

      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY**

## INTRODUCTION

Plaintiff, The Estate of Vivian Maier (the "Estate"), submits this Memorandum of Law in Support of its Motion for Leave to Conduct Discovery.

## BACKGROUND

Vivian Maier was a Chicago photographer who achieved worldwide recognition and acclaim following her death in 2009. The Estate owns the copyright to all photographs taken by Vivian Maier during her lifetime. (Docket No. 1 at ¶ 1.) From approximately 2013 to 2014, Defendant MPLS Photo Center, LLC ("Defendant") conducted an unauthorized exhibition of works created by Vivian Maier. During this exhibition, Defendant exhibited, offered, and sold unauthorized prints of Maier's unpublished works. (*Id.* at ¶ 2.) Defendant's unlawful exploitation of Vivian Maier's works caused significant injury to the Estate and resulted in unlawful profits to Defendant. (*Id.* at ¶ 3.) Defendant's conduct caused further damage to the Estate by illegally depriving the Estate of control over the manner in which Maier's works would

1

be introduced to the public, curated, published, and commercialized, since none of the works that Defendant infringed were ever published by Vivian Maier or the Estate. (*Id.* at ¶ 6.)

On June 28, 2017, the Estate filed its Complaint in this action. (Docket No. 1.) A Summons was issued and Defendant was served with the Summons and Complaint that same day. (Docket No. 6.) The Complaint asserts a cause of action for copyright infringement against Defendant. (Docket No. 1 at ¶¶ 27-38.)

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant was required to answer or otherwise respond to the Complaint on or before July 19, 2017. Defendant failed to do so. (*See* Ritchie Dec. at ¶ 6.) Accordingly, the Estate filed an Application for Default and served Plaintiff with notice of the same. (Docket No. 7; Docket No. 8.) In response to the Estate's Application for Default, the Clerk entered a default against Defendant for its failure to appear, answer, or otherwise respond to the Complaint. (Docket No. 10.) The Estate then served Defendant with Notice of the Clerk's Entry of Default on August 21, 2017. (Docket No. 11.)

In light of the Clerk's entry of default against Defendant, all facts alleged in the Complaint (Docket No. 1), except those pertaining to damages, have been deemed admitted. *See, e.g., Cutcliff v. Reuter*, 791 F.3d 875, 882-83 (8th Cir. 2015). Thus, the Estate now moves this Court for leave to immediately begin conducting discovery that is reasonably calculated to assist in establishing the scope, character, and amount of the infringement and thereby to assist in establishing an appropriate measure of damages.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 55(a), upon entry of default, all factual allegations in the Complaint except for those facts relating to the amount of damages are deemed admitted. *See, e.g., Cutcliff v. Reuter*, 791 F.3d 875, 882-83 (8th Cir. 2015). Thus, as of the entry of default in this lawsuit Defendant was deemed to have admitted copyright infringement and all of the factual allegations contained in the Complaint (Docket No. 1) that support such copyright infringement. The only remaining issue in this lawsuit is the determination of an appropriate measure of damages.

In general, an infringer of copyright is liable for either: (1) the copyright owner's actual damages suffered as a result of the infringement and any additional profits of the infringer; or (2) statutory damages. 17 U.S.C. § 504 (a).

If the copyright owner seeks actual damages and profits, then the copyright owner must present proof of actual damages and of the infringer's profits from its wrongful conduct. 17 U.S.C. § 504 (b). Notably, to establish the infringer's profits, the copyright owner need only present proof of the infringer's gross revenue. 17 U.S.C. § 504 (b). The infringer is required to show its deductible expenses and profits attributable to factors other than the copyrighted work. 17 U.S.C. § 504 (b).

Here, the Estate must be allowed to conduct discovery to determine an appropriate measure of damages. Such discovery will need to investigate the scope, character, and amount of the infringement, including Defendant's revenues and profits from its infringement and the circumstances surrounding Defendant's infringement. Furthermore, because Defendant claims that Defendant was under different ownership when the

3

infringing activity took place, and thus claims that Defendant may not have any or all documents or information relevant to this dispute, the Estate must also be allowed to take discovery from non-parties, via subpoena, in addition to discovery from the Defendant. (*See* Ritchie Dec. at ¶ 10.)

The Estate will not be able to determine an appropriate measure of actual damages absent the requested discovery.

## CONCLUSION

Based on the foregoing, the Estate respectfully requests that the Court grant leave for the Estate to immediately begin conducting discovery, including non-party discovery via subpoena, in accordance with the Federal Rules of Civil Procedure to determine the appropriate measure of the damages in this lawsuit.

**BASSFORD REMELE**
*A Professional Association*

Date:  September 20, 2017       By:    s/ Lauren E. Ritchie
                                    Kevin P. Hickey (#202484)
                                    Jonathan C. Marquet (#388774)
                                    Lauren E. Ritchie (#398508)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone:  (612) 333-3000
Facsimile:   (612) 333-8829
khickey@bassford.com
jmarquet@bassford.com
lritchie@bassford.com
*Co-Counsel for The Estate of Vivian Maier*

And

James E. Griffith
Gregory J. Chinlund
Julianne M. Hartzell
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL  60606-6357
Telephone:  (312) 474-6300
jgriffith@marshallip.com
gchinlund@marshallip.com
jhartzell@marshallip.com
*Co-Counsel for The Estate of Vivian Maier (Admitted Pro Hac Vice)*