# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Estate of Vivian Maier,<br><br>Plaintiff,<br><br>vs.<br><br>MPLS Photo Center, LLC,<br><br>Defendant. | Civil File No.: 17-CV-02329 (DWF/DTS)<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY** |

Pursuant to 28 U.S.C. § 1746, I, Lauren Ritchie, an attorney for Plaintiff, The Estate of Vivian Maier (the "Estate"), declare the following:

1. On June 28, 2017, the Estate filed its Complaint in this action. (Docket No. 1.) A Summons was issued and Defendant was served with the Summons and Complaint that same day. (Docket No. 6.) The Complaint asserts a cause of action for copyright infringement against Defendant. (Docket No. 1 at ¶¶ 27-38.)

2. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant was required to answer or otherwise respond to the Complaint on or before July 19, 2017.

3. On July 31, 2017, the Estate's representatives communicated with Jeff Harrington, Defendant's owner, and notified him that Defendant was in default and that the Estate would soon be filing an application for default.

4. On August 10, 2017, the Estate again communicated with Mr. Harrington and informed him that the Estate would soon be filing its application for default and would subsequently be seeking to take discovery concerning damages.

5. On August 17, 2017, the Estate filed its Application for Default. (Docket No. 7.)

6. As of the date of the Estate's Application for Default, Defendant had not appeared in this action or answered or otherwise responded to the Complaint.

7. On August 17, 2017, the Estate served Defendant with its Application of Default and filed the Affidavit of Service for the same. (Docket No. 9.)

8. On August 18, 2017 the Clerk's Entry of Default was filed. (Docket No. 10.)

9. The Estate served Defendant with notice of the Clerk's Entry of Default and filed the Affidavit of Service for the same. (Docket No. 11.)

10. Both before and after seeking default against Defendant, the Estate's representatives have endeavored to engage Defendant in productive dialogue. During the course of these efforts Defendant has claimed Defendant was under different ownership when the infringing activity took place and therefore has claimed that Defendant may not possess any or all documents or information relevant to this dispute. Defendant claims instead, non-parties may possess some or all documents or information relevant to this dispute.

I declare, under penalty of perjury, that the foregoing is true and correct.

Date: September 20, 2017

*signature*
Lauren E. Ritchie (MN#398508)